| | | |
|---|---|---|
| **REBECCA ALLEN** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:09-0455** |
| | ) | **JUDGE ECHOLS** |
| **STHS HEART, LLC[1]** | ) | |

**ORDER**

By previous Order, this case was set for a jury trial on **Tuesday, June 15, 2010, beginning at 9:00 a.m.**, and for a Final Pretrial Conference in this Court on **Monday, May 17, 2010, at 1:30 p.m.** All lawyers who will participate in the trial must attend the Final Pretrial Conference.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **Wednesday, May 12, 2010.** The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

---

[1]The Complaint lists Defendant as "St. Thomas Hospital d/b/a St. Thomas Health System, Saint Thomas Heart, and Saint Thomas Health Services." In its Answer (Docket Entry No. 6), Defendant addresses itself as STHS Heart, LLC, as does the Initial Case Management Order (Docket Entry Nos. 7, 8).

1

The parties shall also submit to the Court by **Wednesday, May 12, 2010,** the following:

(1)      joint proposed jury instructions and verdict forms as follows:

        Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, <u>counsel shall jointly prepare and file a set of agreed proposed case specific jury instructions and verdict forms.</u> Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.

        If technologically possible, the parties shall submit a Word Perfect 12.0 compatible computer disk of the agreed proposed jury instructions and verdict forms with the hard copy;

(2)      witness lists (list should separate "will call" and "may call" witnesses);

(3)      exhibit lists; and

(4)      stipulations.

By **Monday, May 3, 2010,** the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **Wednesday, May 12, 2010**.

Expert witness disclosures shall be made timely in accordance with Fed. R. Civ. P. 26(a)(2) or as otherwise ordered by the Court. Expert witness disclosure statements shall not be supplemented after the applicable disclosure deadline, absent leave of Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure statement. The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines. There shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed. R. Civ. P. 26(e) no later than thirty (30)

2

days before trial, absent leave of Court. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to supplement discovery responses.

By **Wednesday, May 12, 2010,** the parties shall file briefs on the types of damages recoverable and, for each, whether the amount is determined by the Court or the jury.

At the Final Pretrial Conference, counsel shall be prepared to:

(1)     discuss proposed jury instructions and verdict forms;

(2)     identify and discuss undisputed facts and issues;

(3)     discuss the status of discovery;

(4)     preview proposed testimony;

(5)     discuss expert testimony;

(6)     preview proposed exhibits;

(7)     discuss motions in limine;

(8)     discuss pretrial briefs; and

(9)     discuss settlement.

Pre-trial briefs shall be filed seven (7) working days prior to trial.

There shall be no motions to continue filed after the date of the Final Pretrial Conference absent extraordinary circumstances.

If a settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE